**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-6557**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNY LYNN ISOM,

Defendant - Appellant.

———————————

**No. 23-6112**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENNY LYNN ISOM,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:03-cr-00241-TDS-1; 1:03-cr-00242-TDS-1)

———————————

Submitted:  June 26, 2023                                        Decided:  July 5, 2023

———————————

Before NIEMEYER, AGEE, and QUATTLEBAUM, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Benny Lynn Isom, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benny Lynn Isom appeals from the district court's orders denying his motions for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), and reconsideration. We affirm.

District courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and we review a court's ruling on the motion for abuse of discretion, *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). When deciding whether to reduce a defendant's sentence based on "extraordinary and compelling" circumstances, a court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court decides whether "extraordinary and compelling" circumstances in fact support a sentence reduction. *Id*. at 186. Second, the court considers whether granting a sentence reduction is "consistent with applicable policy statements issued by the United States Sentencing Commission." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)). But there is as of now no applicable policy statement governing compassionate release motions filed by defendants. Courts are thus "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). If the defendant passes the first two steps, the court then considers at the third step whether the 18 U.S.C. § 3553(a) factors, "to the extent that they are applicable," favor early release. 18 U.S.C. § 3582(c)(1)(A). Courts have "broad discretion" in analyzing those factors. *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (internal quotation marks omitted).

3

We conclude that the district court did not abuse its discretion in determining that, even if Isom showed extraordinary and compelling reasons for his release, the § 3553(a) sentencing factors did not warrant any reduction. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*